13890

BAXTER v. CAMP MFG. CO.

(175 S. E., 513)

*Messrs. L. D. Lide* and *Marion F. Winter,* for appellant,

*Messrs. Stoney, Crosland & Pritchard,* for respondent,

July 25, 1934.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The appellant has a lumber manufacturing plant at Russellville, in Berkeley County, S. C. Its home office is at Franklin, Va. Quite a village has grown up about the plant at Russellville, which is composed largely of the employees and laborers engaged in the sawmill plant, and their families. The appellant operates here a general merchandise store, which is spoken of as the commissary. November 1, 1925, the respondent was made manager of the company's commissary at a salary of $1,800.00 per year, or $150.00 per month. At a point about two miles away was a community known as Russellville, where a post office had been maintained for years. When the mill community grew up the post office was removed to that place, and the post office was kept in the commissary. The postmaster resigned, and, with the consent of the appellant, the respondent was appointed postmaster, and he continued to hold this position until about July 1, 1930, when he was removed. His compensation as postmaster was based on a percentage of stamps canceled, and fees he got from issuing money orders; he also received the amount of money allowed the company for rent of room for the post office.

The controversy in this action arises over the fact that the company deducted from the salary which it paid respondent the sums he received as postmaster. The method used was, as he phrases it, to leave him off the fortnightly pay roll until the sum so received by him from the post office was made up.

It is conceded by respondent that he made no objection to this fortnightly method of payment till he was discharged as manager in November, 1930, a period of about five years. It appears that in July, 1930, an audit was made of the commissary business, and it was found that respondent was short in accounts with the company in a sum alleged to be about $700.00. He was discharged. It was then, and for the first time, he asserted his claim for the amounts which had been deducted from his salary every two weeks, over a period of five years. He gives as the reason for not objecting to these deductions that he might lose his job; and that he wanted the amount as an accumulation.

The defenses are that respondent agreed with the company that these deductions should be made; that he acquiesced in such deductions for a period of five years or more, without objection, and has waived the right now to object, and is estopped to claim the sum of such deductions.

The case was tried before Judge Sease and a jury. At the proper time defendant made a motion for directed verdict in its favor, which was refused. A verdict was found by the jury for the plaintiff. Motion for new trial was refused. This appeal followed, based upon nine exceptions, which appellant's counsel have elected to treat as making three questions, viz.:

(a) The evidence conclusively shows that by agreement, waiver, and estoppel, a sum equal to plaintiff's income from the post office was properly deductible by defendant from plaintiff's salary as commissary manager.

(b) The Court erred in his charge on waiver and estoppel.

(c) The Court erred in the admission of evidence to the effect that defendant had filed no counterclaim.

As the case must go back, we shall discuss no evidence except that which is uncontradicted or is admitted.

The question whether there was an agreement between respondent and appellant that respondent's compensation as postmaster should be deducted from his salary as manager of the commissary was properly submitted to the jury. The contradictory testimony thereabout made this necessary.

When the Judge was about to conclude his charge to the jury, he asked counsel if there was anything further. Counsel for appellant said:

"Your Honor has not charged about estoppel and waiver.

"The Court: I am afraid to charge that because it would be charging on the facts.

"Counsel: I would ask your Honor to charge the jury that if they found from the evidence that Baxter consented to those deductions that would be evidence of waiver.

"The Court: That would be some evidence about his contention about the contract not being true.

"Counsel: Would not it be some evidence of waiver?"

Turning to the jury, his Honor said: "I instruct you this, gentlemen, waiver is this: If he entered into an agreement to receive one hundred and fifty dollars a month and they did not pay him and he consented to that knowing his rights, then that would be a waiver of the full amount, his conduct and things such as that go to the point as to whether or not the contract as contended by him in his complaint was the real contract. I cannot charge you on the facts."

The charge as thus delivered was confusing and erroneous. The request had no relation to the question whether respondent had agreed to the deductions, but whether the respondent had by his acquiescence in the deductions waived his right thereto, and had estopped himself to claim them. As charged, the question of waiver was confined to the question whether or not the contract was that stated by plaintiff in his complaint. The question of acquiescence, waiver, and estoppel was not made by the complaint; the question of agreement is there made, and the jury must of

necessity have inferred from the charge that if the plaintiff had not agreed specifically to the deductions the doctrine of waiver did not apply.

There is uncontradicted evidence and admissions by ■■ respondent in writing and as a witness on the stand that for five years he never objected to the deductions; that he furnished the information and figures upon which the deductions were made. The law of waiver and estoppel was applicable to this situation, and it was error not to instruct the jury thereon.

"An employee does not waive his right to compensation by neglecting to demand it when due, nor by failure to take exception to an erroneous statement as to the amount due, contained in a letter to him from the employer. But he cannot claim wages in excess of the amount already received from his employer for which he has given a receipt in full for services performed, *or which he has accepted without objection knowing that his employer regards them as payment in full, or where the amount received is based on monthly accounts which he himself has presented, or which his employer has presented and in which he has acquiesced."* (Italics added.) 39 C. J., 170.

This citation applies with especial aptness to the facts of the case here present.

"Where one having the right to accept or reject a transaction, takes and retains benefits thereunder, he ratifies the transaction, is bound by it, and cannot avoid its obligations, or effect, by taking a position inconsistent thereabout." 21 C. J., 1206, 1207.

Exceptions 7, 8 and 9 specifically cover this issue and must be sustained.

A witness for the defendant was asked on cross examination if defendant had filed a counterclaim in the action. Over defendant's objection the Court held it to be competent.

We are unable to see its relevancy. The defendant might well have thought that a judgment against plaintiff would

be uncollectible. Other considerations might have actuated it not to file a counterclaim. The effect of the question and answer must have been prejudicial to defendant.

Certainly defendant was not bound to set up its counterclaim in this action. It might prefer to submit its rights in an independent action in another tribunal than that selected by its adversary.

See *Kirven v. Virginia-Carolina Chem. Co.,* 77 S. C., 493, 58 S. E., 424, and cases there cited.

The introduction of this testimony gave to the jury the opportunity to infer that since the defendant did not plead its counterclaim, no such counterclaim existed. The evidence, and plaintiff's own admissions, show that such inference would be unfounded, and unfair. We do not know that such inference was made by the jury, but it was error to furnish them the opportunity to so infer. This issue is made by Exception 1, and it is sustained.

For these reasons, the judgment is reversed, and the case remanded for another trial.

MR. CHIEF JUSTICE BLEASE, MESSRS. JUSTICES STABLER and CARTER and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.